# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CRIMINAL ACTION NO. 3:16-CR-00011-TBR-DW

UNITED STATES OF AMERICA,                           Plaintiff,

v.

DENNIS AMMONS,                                     Defendant.

## MEMORANDUM OPINION AND ORDER

Dennis Ammons has been indicted for knowingly producing and receiving child pornography. His prosecution originates from the Government's investigation of "Playpen," a website dedicated to the distribution and discussion of matters pertinent to child pornography and the sexual abuse of children. Though a website, Playpen could not be accessed through the traditional Internet. Instead, Playpen existed on "The Onion Router" network (or "Tor," for short). The Tor network conceals the internet protocol addresses of its users, thereby thwarting traditional techniques employed to identify Internet users. To circumvent Tor's protections, the Federal Bureau of Investigation obtained a warrant to deploy a network investigative technique on Playpen's server. The NIT would instruct a user's computer to transmit certain information—such as the computer's IP address—to the FBI after the user logged on to Playpen. Using the NIT, the FBI identified Ammons as a registered user on Playpen.

Now, Ammons asks the Government to turn over a copy of the NIT source code. [R. 43 (Motion to Compel or Dismiss).] The Government objects. [R. 46 (Response).] It argues that the NIT source code is immaterial to his defense and, in the alternative, is subject to a qualified law-enforcement privilege. [*Id.* at 2–5.] Having considered the record before it, the Court concludes that the Government is right: The NIT source code

is not material to Ammons' defense. Accordingly, Dennis Ammons' Motion to Compel or, in the Alternative, to Dismiss, [R. 43], is **DENIED**.

## I.

The facts and procedural history of this case are discussed at some length in a prior opinion, *United States v. Ammons*, 207 F. Supp. 3d 732, 736–38 (W.D. Ky. 2016). The instant motion adds nothing new to that factual recitation. Therefore, the Court will not repeat that information here.

## II.

Federal Rule of Criminal Procedure 16(a) requires the Government, upon request, to "permit the defendant to inspect and to copy" evidence within its possession, custody, or control so long as the thing sought is, *inter alia*, "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). In this Circuit, "material" evidence is that which could be used to "refute the Government's arguments that the defendant committed the crime charged." *United States v. Pirosko*, 787 F.3d 358, 367 (6th Cir.) (quoting *United States v. Robinson*, 503 F.3d 522, 532 (6th Cir. 2007)), *cert. denied*, ⎯ U.S. ⎯, 136 S. Ct. 518 (2015). The defendant must make a *prima facie* showing of materiality to justify disclosure. *United States v. Clingman*, 521 F. App'x 386, 392 (6th Cir. 2013) (citing *United States v. Phillip,* 948 F.2d 241, 250 (6th Cir. 1991)).

## III.

Here, Ammons argues that a copy of the NIT source code is material to his defense. In support of that proposition, he opines that an examination of the source code might turn up evidence that the Government (or some unidentified third party) exploited

the NIT to fabricate evidence of his guilt. [*See* R. 43 at 3–4.] The Government opposes that motion, and for good reason. [*See* R. 46 at 4–5.]

In the main, Ammons has come forward with no evidence to support his claim that someone else could be responsible for the activity linked to his computer. Instead, he simply supposes that an expert might, perhaps, be able to uncover some evidence of that sort if given access to the NIT source code. Such speculation, without more, is insufficient to demonstrate that the source code is material. *See United States v. Gaver*, No. 3:16-CR-88, 2017 WL 1134814, at *2–4 (S.D. Ohio Mar. 27, 2017) (finding NIT source code immaterial to defense); *United States v. Owens*, No. 16-CR-38-JPS, 2016 WL 7351270, at *4–6 (E.D. Wis. Dec. 19, 2016) (same); *United States v. McLamb*, ––– F. Supp. 3d –––, –––, 2016 WL 6963046, at *7–8 (E.D. Va. 2016) (same); *United States v. Jean*, No. 5:15-CR-50087-007, 2016 WL 6886871, at *5–7 (W.D. Ark. Nov. 22, 2016) (same); *United States v. Matish*, 193 F. Supp. 3d 585, 598–600 (E.D. Va. 2016) (same). Therefore, the Government need not produce the NIT source code to Ammons.[1]

What is more, Ammons has not explained why the information is necessary in light of what the Government has already produced and is willing to produce subject to a protective order. For example, the Government has offered to provide Ammons with the coded instructions sent to the activating computer and the two-way network data stream which resulted. [R. 46 at 3.] With that information, the Government claims that Ammons will be able to confirm that the data sent from the activating computer is identical to the data produced to him during discovery. [*Id.*] The Government's proffer

---

[1] Because the Court has concluded that the network investigative technique source code is immaterial to Dennis Ammons' defense, it need not address whether that information qualifies as privileged. *See United States v. Pirosko*, 787 F.3d 358, 365–67 (6th Cir.) (discussing qualified law-enforcement privilege), *cert. denied*, ––– U.S. –––, 136 S. Ct. 518 (2015).

appears to undercut the need, if any, for Ammons to obtain the NIT source code in its entirety.

## IV.

**IT IS HEREBY ORDERED** that Dennis Ammons' Motion to Compel or, in the Alternative, to Dimsis, [R. 43], is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:     Counsel of Record