UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 3:16-CR-011-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| DENNIS AMMONS, ) | **ORDER DENYING MOTION FOR** |
| ) | **COMPASSIONATE RELEASE** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Dennis Ammons's Emergency Motion Requesting Immediate Release Pursuant to 18 U.S.C. § 3582 [R. 182], and his Supplemental Motion to Enlarge Prior 18 U.S.C. § 3582 Motion for Compassionate Release. [R. 193][1] The United States has responded in opposition. [R. 196; R. 186] Defendant replied, [R. 197], and matter is ripe for review. For the reasons stated herein, Defendant's Motion is denied.

### I. Background

On June 5, 2018, a Superseding Indictment charged Defendant Dennis Ammons with: (1) production of child pornography in violation of 18 U.S.C. § 2251(a) and (e); and (2) knowingly accessing child pornography with the intent to view it in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). [R. 67] On October 12, 2018, a jury found Defendant guilty of knowingly accessing child pornography with the intent to view it. [R. 111] Defendant was sentenced on June 20, 2019 to a 110-month sentence of imprisonment followed by a 15-year term of supervised release. [R. 165] Mr. Ammons is currently serving his sentence at the Federal Correctional Institute Fort Dix

---

[1] Mr. Ammon's original Emergency Motion for Compassionate Release (the "Original Motion") [R. 182], and the Supplemental Motion [R. 193], will collectively be referred to herein as the "Motion."

(FCI Fort Dix). *See Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 22, 2021). His projected release date is February 21, 2026. *Id.* On April 27, 2020, Defendant filed his Original Motion for Compassionate Release. [R. 182] After briefing, the Court denied the Motion based on its interpretation of the policy statement at U.S.S.G. § 1B1.13. [R. 187] Defendant appealed, and the Sixth Circuit reversed and remanded based on its recent determination that the policy statement at U.S.S.G. § 1B1.13 applies only to motions filed by the BOP and does not apply to cases such as this one, where the defendant files a motion for compassionate release on his own behalf. [R. 192; *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)] After remand on December 21, 2020, Defendant filed his Supplemental Motion, moving for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," in light of the COVID-19 pandemic. [R. 193]

## II. Legal Standard

The compassionate-release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court ***may not*** modify a term of imprisonment once it has been imposed ***except that***—
>> (1) In any case—
>>> (A) ***the court***, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, ***may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), ***after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that***—

> ***(i)   extraordinary and compelling reasons warrant such a reduction . . .***
>
> ***and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.***

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 , only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under section 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *Jones,* 980 F.3d at 1104. However, under the FSA, courts may now consider motions by defendants so long as the defendant satisfied the statute's exhaustion requirement—that is, "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833−35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834.

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107–08. At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*,

980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, because this policy statement has not been updated since passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109–11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the defendant files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III.   Discussion

#### A.   Extraordinary and Compelling Reasons

As an initial matter, the Court will first address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833−35. In his Motion, Defendant states that he made a request to the warden at FCI Elkton (where he was previously housed)

thirty days prior to filing his Original Motion, and his request was denied. [R. 182, p. 4] The United States does not contest that Defendant has exhausted his administrative remedies. [R. 186, p. 4] Since the United States has not contested exhaustion and more than thirty days have passed since Mr. Ammons made his request to the warden and the filing of his Supplemental Motion on December 21, 2020, the Motion is properly before the Court. *Alam*, 960 F.3d at 833–35.

The Court next considers whether the Defendant meets the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*. At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107–08. The statute does not define "extraordinary and compelling" and, as mentioned above, the *Jones* Court recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is inapplicable. *Jones*, 980 F.3d at 1111. Consequently, until the Sentencing Commission updates § 1B1.13 post–First Step Act, "district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1110.

In his Motion, Defendant argues for compassionate release because of his special susceptibility to COVID-19 and the general prison conditions at FCI Fort Dix. [R. 182; R. 193] Defendant states that he suffers from heart disease, hypertension, and obesity (BMI over 31). [R. 193, p. 2] He further notes he is a former smoker and recently found out he is borderline diabetic. *Id.* He states he was moved from one COVID hot spot (FCI Elkton) to another (FCI Fort Dix), and the BOP is not sufficiently protecting inmates from the virus or providing adequate medical care. *Id.* His Pre-Sentence Report confirms he suffers from heart disease. [R. 137, ¶¶ 46–47]

The United States opposes the Motion on two fronts. [R. 197; R. 186] The government

first argues Ammons does not meet the "extraordinary and compelling reasons" prong because his medical conditions are stable, the COVID positive rates at FCI Fort Dix have stabilized, and the prison's COVID recovery rate is very high. [R. 197, pp. 4–5] The government further argues that Mr. Ammons's Motion fails under § 3553(a) balancing, because Ammons has not been rehabilitated (noting he expressed his "disinterest" in participating in the sex offender treatment program (SOTP)) and that releasing him now, after serving only 27 months, "undermines the sentencing factors and the goals they represent." *Id.* at 6.

In his Reply, Defendant argues the pandemic itself is extraordinary and FCI Fort Dix has not handled the pandemic well. [R. 197, pp. 1–3] He further urges that his age (61 years old) and pre-existing health conditions place him at high risk for severe consequences (or death) should be contract COVID. *Id*. at 2. He challenges the government's claim that he rejected participation in the SOTP and clarifies that he simply postponed participation in the program until after his appeals were complete. *Id.* at 3–4. Finally he argues that release is supported by the § 3553(a) factors because he had no criminal record prior to this offense, enjoyed a long work history, has a low pattern risk score, and just punishment does not warrant a sentence that includes exposure to a life-threatening illness. [R. 193, pp. 3–4; R. 197, p. 4]

Review of the BOP website that tracks BOP COVID statistics confirms Defendant's concerns regarding FCI Fort Dix. FCI Fort Dix currently has only 3 inmates positive for the virus and 41 staff. *See COVID-19*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 22, 2021). However, 1822 inmates out of a total population of 2747 inmates have already contracted COVID and recovered, and one inmate died. *Id.* This equates to roughly 66% of the inmate population contracting the virus. *Id.* These statistics certainly demonstrate that Mr. Ammons's complaints about FCI Fort Dix's past ability to contain the virus are legitimate, but

also indicate the worst is likely over given only 3 inmates are currently positive for COVID. Still, even if Defendant met the first step of the compassionate-release test—that is, if the Court found "extraordinary and compelling" circumstances based on his health issues, the COVID-19 pandemic, and the conditions at FCI Fort Dix—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction under the particular circumstances of this case.

### B. Balancing Under § 3553(a)

The Court has thoroughly reviewed the briefs and the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. § 3553(a)(1)–(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather, the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* at 1115. This Court has thoroughly reviewed the sentencing proceedings in this case, along with the parties' arguments and submissions related to the current Motion, and is convinced that release is not warranted under the statutory factors.

First, the "nature and circumstances of the offense and the history and characteristics of the defendant" weigh against release. § 3553(a)(1). As to the "nature and circumstances," Defendant's offense was extremely concerning. Law enforcement seized and examined 67 pieces

of digital evidence from his home, identifying 7 devices that contained child pornography. [R. 153, p. 5] The images showed young girls often with their legs spread wide apart, exposing their genitals. *Id.* at 6. Approximately two hundred twenty (220) images of child pornography were extracted from the Chrome browser cache of one particular hard drive, and the user name associated with the hard drive was "damm0." *Id*. at 5. In a post-*Miranda* interview, Ammons acknowledged he frequently used a user name containing his first initial and last name, with a "0" replacing the letter "o." *Id.* Further, he at first denied then admitted viewing child pornography on his computer and ultimately described several websites he had visited that contained child pornography. *Id.* at 5–6. These facts weigh heavily against release.

As to Ammons's "history and characteristics," his arguments (and the letters submitted on his behalf) note his lack of a criminal history prior to this matter and his strong work ethic. [R. 182; R. 193; R. 199; R. 200; R. 202] He has also participated in several classes while in custody (though not the SOTP), has no history of disciplinary infractions, and remained on bond for over two years without incident prior to trial. [R. 193] He also enjoys strong family support, all of which weigh in favor of release. [R. 19; R. 200; R. 202]

Turning to the other factors, the Court understands that Defendant received a long sentence of incarceration in this case, but release at this point would not "reflect the seriousness of the offense, []promote respect for the law, and []provide just punishment for the offense." § 3553(a)(2). Indeed, granting the relief requested would undercut the dual goals of promoting respect for the law and providing just punishment, especially given that Defendant has served only a fraction (about 30 months) of his 110-month sentence. The Court thoroughly reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again. The same factors that warranted a substantial sentence also weigh against a sentence reduction. Further, the

Court carefully considered the mitigating factors in Mr. Ammons's background and sentenced him to the lower end of his Guideline range (his Guideline range was 108–120 months). But release at this point would fail to deter criminal conduct and to protect the public, given the factors noted above. Consideration of *all* the § 3553(a) sentencing factors precludes early release.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Dennis Ammons's Motion for Compassionate Release [**R. 182; R. 193**] is **DENIED**.

This the 24th day of March, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY